UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:10-00076 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| ELMER ELUID VIRULA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the court is the defendant's Motion for Reconsideration of the Court's Denial of his Motion for Change of Venue (Docket No. 30). This motion will be denied.

On July 15, 2010, the court entered a Memorandum and Order denying the defendant's Motion to Change Venue (Docket No. 23). In that decision, the court considered the defendant's bases for an "interests of justice and convenience" transfer of this case to the Central District of California pursuant to Federal Rule of Criminal Procedure 21(b). While not disputing that all of the relevant events surrounding the crime charged occurred in this District, the defendant had argued that, if his trial for tax fraud took place in this District, hundreds of miles from his home and family in Southern California, his ability to provide for his family, perform his job as a pastor, and retain his California-based counsel would be adversely affected. (Docket No. 14 Ex. 1 at 2-3.) The plaintiff also claimed that he had 15 character witnesses who lived in California and that it would be an untenable financial hardship for those witnesses to travel to this District for trial. (*Id.* at 3.)

1

The court denied the motion to transfer venue after considering the Rule 21(b) standard and the well-settled *Platt* factors, which, among other things, consider the location of the parties, the witnesses, the evidence, and counsel in evaluating whether transfer is in the interests of justice. (Docket No. 23 at 3 citing *U.S. v. Jamal*, 246 Fed. Appx. 351, 369 (6th Cir. 2007); *Platt v. Minnesota Mining & Mfg.*, 376 U.S. 240, 243-44 (1964); *U.S. v. Micciche*, 165 Fed. Appx. 379, 385-86 (6th Cir. 2006)). Applying these factors, the court noted that "all of the relevant events occurred here and all of the pertinent documents and records are here," along with all 50 of the Government's witnesses and the Government's counsel. (*Id.* at 4.) The court also noted that "missing work, assuming considerable expense, and not being able to attend to one's personal affairs for the period of a criminal trial is not unique to out-of-state defendants and does not justify a transfer." (*Id.* at 5.) As to the defendant's character witnesses, the court was "not inclined to impose the hardship of transfer upon the Government and its fact witnesses who will give proof related to the charged offenses based upon the conclusory representation that there are numerous witnesses who will testify for the defendant, without any indication as to the proof those witnesses can offer." (*Id.* at 5-6) The court also noted that the defendant had retained local counsel. (*Id.* at 6.) As the *Platt* factors clearly favored the case remaining in this District, the court denied the motion to transfer. (*Id.*)

On July 23, 2010, the defendant filed his Motion for Reconsideration. (Docket No. 30.) The defendant notes that the Memorandum and Order was issued prior (earlier the same day) to the defendant filing his Motion for Leave to File a Reply in support of his Motion to Change

Venue.[1]  (*Id.* at 2.)  The defendant maintains that the proposed Reply and Motion for Reconsideration contain "new and relevant facts" in support of transfer.  (Docket No. 30 at 2.)

Specifically, the defendant provides the names of 21 witnesses (six family members and 15 "friends"), the vast majority of whom are based in California, who he claims would testify on his behalf but may not be able to do so if the trial occurs in this District.  (Docket No. 30 Ex. 1 at 4-5.)  According to the defendant, "these individuals will testify at trial and any sentencing hearing as character witnesses in the event of a conviction or plea.  These witnesses will testify to Mr. Virula's good character traits, his civic, charitable or public service, his service as a minister, and similar good works.  Since this case involves the element of fraudulent intent, Mr. Virula's witnesses will also testify to his lack of the *mens rea* and his general character."  (Docket No. 30 Ex. 1 at 3.)

The defendant also contends that the Government's previous estimate of a one-week trial is "not realistic," given that the plaintiff has been indicted on 16 counts related to tax fraud and that the Government claims to have fifty witnesses and the defendant claims to have at least twenty-one witnesses.  (Docket No. 30 at 5.)  The defendant contends that at least three weeks is a more accurate estimate of the trial time, and, therefore, the interruption of his business and family life in California would be profound.  (*Id.*)  Otherwise, the defendant's motion here re-hashes the arguments previously made in support of transfer, including that his California-based attorney does not have the resources to undertake litigation in Nashville.  (*Id.* at 6-9.)

---

[1]The court denied the Motion for Leave as moot (Docket No. 26).

3

Case 3:10-cr-00076   Document 34   Filed 08/03/10   Page 3 of 6 PageID #: 203

Courts adjudicating motions for reconsideration in criminal cases "typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *U.S. v. Jarnigan*, 2008 WL 5248172, *2 (E.D. Tenn. Dec. 17, 2008)). The district court may grant a motion to alter or amend (or reconsider) a decision under Fed. R. Civ. P. 59(e) for any of four reasons: (1) because of an intervening change in controlling law; (2) newly discovered evidence; (3) to correct a clear error of law; or (4) to prevent manifest injustice. *Abnet v. Unifab Corp.*, 2009 WL 232998, *3 (6th Cir. Feb. 3, 2009).

The defendant does not attempt to tie his argument to this standard, but rather, in addition to advancing arguments raised before, he argues that the Government's estimate of the trial time is wrong and he specifically identifies his witnesses. In response to the Motion for Reconsideration, the Government contends that the testimony of its 50 witnesses, most of whom "received fraudulent tax returns" from the defendant, will be relatively brief, such that it will be possible to call at least 10 witnesses per day of trial. (Docket No. 33 at 3.) At this pace, the Government maintains that the trial, "with efficiency from both parties," could be finished in one week, but "definitely no longer than two." (*Id.*)

The Government also argues that the defendant's general claims that his character witnesses will help establish the defendant's good character and lack of "mens rea" is misplaced in this context, where the requisite mental state will be established by the defendant's "consistent pattern" of filing false returns. (*Id.* at 4.) By merely identifying the witnesses and vaguely alluding to the content of their testimony, the Government maintains that the defendant has not explained how these character witnesses are so vital to his defense at trial that their alleged

4

inconvenience justifies transfer of this case. (*Id.* at 5.) Finally, the Government again argues that, to the extent that the defendant does not have the resources to obtain local counsel, he can apply for court-appointed counsel. (*Id.*)

Transfer remains inappropriate. As discussed previously, numerous *Platt* factors weigh strongly against transfer. Despite this, the defendant continues to rely on his "character" witnesses as justifying transfer. The court rejected this argument previously and, by merely identifying his family and friends without any effort to explain how those witnesses will negate the specific allegations in this case, the defendant fails to demonstrate that their alleged inconvenience justifies transfer.[2] Moreover, as explained in the Memorandum and Order, there is no question that the trial of this matter will consume a significant amount of the defendant's time and resources. But that is the nature of a criminal trial, especially where a protracted pattern of conduct is involved. The defendant has certainly failed to carry his heavy burden on a Motion for Reconsideration.

For the reasons expressed herein, the defendant's Motion for Reconsideration of the Court's Denial of his Motion for Change of Venue (Docket No. 30) is **DENIED**.

It is so ordered.

Enter this 3rd day of August 2010.

---

[2] The court certainly would not allow 15 witnesses identified solely as character witnesses to testify on behalf of the defendant at trial. Should he be convicted, however, the court routinely reviews letters written on behalf of defendants by witnesses of this sort as relevant to sentencing.

_____
ALETA A. TRAUGER
United States District Judge